By the Court.*
The execution of the will of the alleged testator was sufficiently shown. It was clearly shown also that the will existed at the time of the testator’s decease ; that it was found in his office, and read in the presence of his family, and then delivered to one of his sons, David S. Jackson, Jr. It had never been presented for probate, nor was any account given of the disposition made of it by David S. Jackson, Jr., who was shown to be deceased. There can be little doubt, therefore, that the will was surreptitiously disposed of by some party interested in so doing. It is very clear that it ought to be established if practicable, in compliance with the statute, and perhaps, upon a second trial, satisfactory evidence to accomplish that purpose may be produced. But the statute is very strict in its requirements. It requires that the provisions of a will lost or destroyed “shall be clearly and distinctly proved by at least two credible witnesses, a correct copy or draft .being equivalent to one witness.”
On looking carefully into the evidence in this case, we think this requirement of the statute was not fully complied with. The witnesses sufficiently concur as to some of the legacies of the will, but as to other of its *238 provisions, found to be established by the surrogate, there was such discrepancy in the evidence that we are unable to see that the will was proved by two witnesses, as required by the statute.
We are reluctantly compelled, therefore, as matter of law, to reverse the decree, and to direct a re-hearing before the surrogate.
It appears by the papers that the attorney by whom the will was drawn, suffered himself to be retained on the part of the heirs who opposed the probate of the will, and refused to answer proper questions put to him upon the trial, upon the ground that he was not at liberty, having been counsel for the testator, to disclose what he chose to consider confidential communications. The surrogate did not see fit to require him to testify to such facts in relation to the preparation and the contents of the will, in respect of which he was not only competent, but bound to testify.
A failure of justice must not be permitted on any such pretext; and we think upon' a new trial there will be no difficulty in developing such facts as will prevent the clearly manifest failure of justice in this case.
The decree must be reversed, and proceedings remitted to the surrogate, with directions to proceed with the hearing of the case. No costs to either party on this appeal.

 Present, Davis, P. J., and Beady and Ihgails, JJ.