CARLOS A. RUGG et al., Appellants, *v.* JONATHAN G. RUGG, Respondent.

The failure of recollection of the subscribing witnesses to a will, as to what occurred at the time of signing, will not defeat the probate thereof if the attestation clause and the surrounding circumstances satisfactorily establish its execution.

An executor of a will is a competent witness to prove its due execution, although not a subscribing witness.

(Submitted January 17, 1881; decided January 25, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made the second Tuesday of June, 1880, affirming a decree of the surrogate of Cattaraugus county, admitting to probate the will of Jonathan G. Rugg. (Reported below, 21 Hun, 383.)

.The probate was contested on the ground that the will was not duly and properly executed, as required by the statute.

The facts appear sufficiently in the opinion.

*W. Woodbury* for appellants. The question to the subscribing witness whether, in his opinion, he was not mistaken was erroneously received. (54 How. 274; *Benway* v. *Johnson*, 5 Alb. Law Jour. 124; 66 Barb. 483; 1 E. D. Smith, 107; 10 Paige, 86; *Hogan* v. *Dillon*, 76 N. Y. 170; 18 Barb. 434; 17 Pick. 498; 7 Abb. 419; *People* v. *Mather*, 4 Wend. 229, 247,

248, 249; 2 Hilt. 146; 1 E. D. Smith, 107; 6 Duer, 437; *Moody* v. *Rowell*, 3 Wash. C. C. 580.) It was error to allow the executor to testify to the execution of the will. (2 Hun, 654; 38 N. Y. 184; *Church* v. *Howard*, 79 id. 415, 419; 20 Barb. 245, 339; 8 Hun, 127; *Burrett* v. *Sillman*, 16 Barb. 198; *Lee* v. *Hill*, 39 id. 516; 12 Hun, 312; 17 id. 150; 15 id. 79; 51 N. Y. 624; 31 How. 372; 68 N. Y. 459; 1 Comst. 519; 69 N. Y. 256; 31 How. 372; 58 Barb. 625; 3 Cow. 621; 66 Barb. 577, 582.)

*Allen & Thrasher* for respondent. If the subscribing witnesses of a will are unable to recollect the attestation, then the execution may be proved by other witnesses and from surrounding circumstances, including the written attestation. (*Trustees of Auburn Seminary* v. *Calhoun*, 25 N. Y. 425; *Jauncey* v. *Thorne*, 2 Barb. Ch. 41; *Nelson* v. *McGiffert*, 3 id. 158; Willard on Executors, 109; *Thompson* v. *Leastedt*, 3 Hun, 395; *Cornwell* v. *Wooley*, 43 How. 475; *Morris* v. *Porter*, 52 id. 1; *Thompson* v. *Stevens*, 62 N. Y. 634; *Orser* v. *Orser*, 24 id. 51; *In the Matter of John Kellam's Will*, 52 id. 517.) The executor was a competent witness to prove the execution of the will, although not a subscribing witness, and his evidence was properly received by the surrogate. (*Will of Levy*, 1 Tucker, 87; *McDonough* v. *Laughlin*, 20 Barb. 239; *Children's Aid Soc.* v. *Loveridge*, 70 N. Y. 387; *Pruyn* v. *Brinkerhoff*, 7 Abb. [N. S.] 401.) All the acts of the testator going to make up the execution of the will were done at the same time, and it is immaterial which act preceded the others if no material act or thing was omitted. (*Doe* v. *Roe*, 2 Barb. 200; *Sequine* v. *Sequine*, 21 Barb. 285; *Keeney* v. *Whitmarsh*, 16 id. 141; 54 id. 275; *Jackson* v. *Jackson*, 39 N. Y. 152.) It was proper to ask the subscribing witnesses if they were not mistaken as to the order in which the events testified by them happened. (*Cheeney* v. *Arnold*, 18 Barb. 435; *Budlong* v. *Van Nostrand*, 24 id. 25; *Seymour* v. *Bradfield*, 35 id. 49; *Weber* v. *Kingsland*, 8 Bosw. 416; *Black* v. *Camden, etc., R. R. Co.*, 45 Barb. 40.)

Miller, J. We think that the evidence was sufficient to establish that the will was executed in accordance with the provisions of the Revised Statutes and the decisions of this court. The evidence of the subscribing witnesses upon the cross-examination, which, it is claimed, tended to show that they did not sign the will after it was signed by the testator, is insufficient to establish that it was not properly executed. Hooker, one of them, after stating that the testator signed after he did, appears to have had doubt on the subject, and testifies that he may be mistaken. The other witness, Smallwood, who testifies that he does not remember that Rugg signed last, states, in the course of his examination, that he (the witness) was the last one who signed. It will be seen that the testimony is by no means satisfactory that Rugg signed last, and the most which can be claimed from the evidence of the subscribing witnesses is that they were not positive — that they did not remember exactly how the fact was. To supply this want of memory Jenks, the executor, who had considerable experience in such matters, testifies distinctly as to all which took place, the order in which the several acts were done, and that the testator signed before the subscribing witnesses. The preponderance of proof was in favor of the due execution of the will, and, as the evidence stood, the surrogate could not come to any other conclusion than that the will was properly executed. Where there is a failure of recollection by the subscribing witnesses, the probate of the will cannot be defeated if the attestation clause and the surrounding circumstances satisfactorily establish its execution. (*Matter of Kellum*, 52 N. Y. 517.) In fact wills may be established even in opposition to the evidence of the subscribing witnesses. (*Trustees of Auburn Theo. Sem.* v. *Calhoun*, 25 N. Y. 425.)

There was no objection to the questions put to the subscribing witnesses in regard to their being mistaken; and within well-settled rules they were properly allowed.

Jenks was also a competent witness. (See *Children's Aid Society* v. *Loveridge*, 70 N. Y. 387.) There is no distinction

between this case and the one cited which authorizes a disregard of the latter authority.

No other question is presented which requires examination. Nor is there any thing in the evidence which authorizes a reversal of the decree of the surrogate. The opinion of the General Term fully covers all the questions presented, and the judgment should be affirmed.

All concur.

Judgment affirmed.