KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.—
March, 1882.

## MATTER OF BURKE.

*In the matter of the probate of the will of* JAMES
BURKE, *deceased.*

One named as legatee in a will, *on condition* that he render certain services of a religious character, is, under Code Civ. Pro., § 829, disqualified by his interest in the event, from testifying to conversations had between him and the testator.

The court has a discretion to strike out, on motion made during a hearing, testimony incompetent under that section, though not objected to when offered.

Pruyn *v.* Brinkerhoff, 7 *Abb. N. S.*, 400,—distinguished.

MOTION by contestant, to strike out testimony given on proceedings for probate of a will, by a legatee, as to conversations between him and testator.

The facts appear sufficiently in the opinion.

TEUNIS G. BERGEN, *for the motion.*

JOHNSON & LAMB, *opposed.*

THE SURROGATE.—The testimony of Father Mulligan would have been inadmissible, if objected to, under section 829 of the Code. He is a legatee under the testator's will, and the argument that he is not interested in the event of these proceedings because the legacy was given to him on condition that he should render certain services of a religious character, is not sound. That argument is founded on the decision in the case of Pruyn v. Brinkerhoff (7 *Abb. N. S.*, 400), which holds that a legacy to an executor as compensation for his services, in addition to the commissions, is not such beneficial legacy as must be held to be void, under 2 *R. S.*, 65, § 50, if the executor becomes a necessary witness to the execution of the will. This decision might be upheld upon the ground that sections 398 and 399 of the former Code so far modified and controlled the statute as to render the executor competent (Children's Aid Society v. Loveridge, 70 *N. Y.*, 392); but, whatever may be the correct ground on which to put the decision, it is sufficient to say here that it has no application to section 829 of the Code, and that it has been repeatedly held that the interest which disqualified a person from testifying under that section may be a claim to receive a fair compensation for services rendered or work done. The cases of Reeve v. Crosby (3 *Redf.*, 74); Children's Aid Society v. Loveridge (*supra*); and Rugg v. Rugg (83 *N. Y.*, 592), only hold that the execution of a will, to which one executor is an attesting witness, is not a transaction between him and the deceased within section 829 of the Code, and that he may therefore testify to it. These decisions were not and could not have been put upon the ground that the executor was not interested in the event of the proceeding.

to prove the will, because, at the time when they were rendered, the executor propounding the will for probate was excluded as a *party* to the proceeding, without regard to the question of his interest under the will. The amendment to the section which seems to require that the *party* to the proceeding must be interested in the event, as well as a person not a party, before he can be excluded, was only adopted in 1881.

The fact that the testimony was not objected to under section 829, when given, does not prevent the contestant from moving now to strike it out. In Miller *v.* Montgomery (78 *N. Y.*, 286), the court of appeals say: "Usually the objection must be made when the incompetent evidence is offered; and this is the rule as to all incompetent evidence. But if the objection be not made at the time, and the omission be shown to have been from mistake or inadvertence, the trial court may permit it to be made at any time before the close of the trial, by motion to strike out the incompetent evidence. This is not uncommon practice in the trial of cases. When the objection is not made at the time the evidence is offered or given, it is in the discretion of the trial judge to permit it to be made, at a later stage of the trial. That discretion should be carefully exercised, so that no harm will come to the other party; and it should be exercised when it is just that the incompetent evidence should be excluded and no harm can come to the opposite party from the delay in making the objection."

It is not perceived how the executor in this case can be injured by the delay in making the objection; the trial is not closed, and by striking out the objectionable testimony he will be left in the same position as if the

testimony had been objected to and excluded when first offered. The motion must be granted.

Ordered accordingly.