IN THE MATTER OF THE PROBATE OF THE ALLEGED LAST WILL AND TESTAMENT OF HARRIET CHASE AND CODICIL THERETO.

*Evidence — testimony of a draughtsman of a will not inadmissible because he is an attorney and named as a trustee therein — Code of Civil Procedure, sec. 835 — a donee of a power, entitled to compensation for services, is not disqualified from testifying as to personal transactions.*

Upon the hearing of an application for the probate of a will the proponents offered to prove by the draughtsman of the will, who was an attorney and a trustee under it, the instructions received by him, and that they were carried out by the will. The testimony was rejected on the ground that it was incompetent under section 835 of the Code of Civil Procedure.

*Held*, error.

The will directed that one Bearup and Helen, his daughter, should have the power to care for the person of an invalid son of the testatrix, and to employ assistants to take care of him, and that her executors should pay to them such reasonable sums as they might fairly expend in the care and maintenance of the son, "and such reasonable compensation as they should, respectively, receive for their services or care."

*Held,* that the daughter, Helen, was not beneficially interested so as to be disqualified from testifying as to personal transactions with the testatrix under section 829 of the Code of Civil Procedure.

Appeal by the executors and certain of the legatees from a decree of the surrogate of Jefferson county, denying an application for the probate of an alleged will of one Harriet Chase, deceased.

The will directed that David Bearup and Helen A. Bearup, his daughter, should have power to superintend the care of the person of the testatrix's invalid son so long as he should live, and directed the executors to pay to them such sums as might be reasonably necessary and proper for his maintenance, and that they should pay to them " such reasonable sums from time to time as they, or either of them, may fairly expend for the purposes aforesaid, and such reasonable compensation as they should, respectively, receive for their services or care."

*Lansing & Rogers,* for the executor, legatees and others, appellants.

*C. W. Thompson* and *Hannibal Smith,* for the contestant.

Follett, J. :

Appeal from a decree of the surrogate of Jefferson county, refusing to admit to probate the will and codicil of Harriet Chase, deceased.

The draughtsman of a will, though he is an attorney, is not incompetent under section 835, Code Civil Procedure, to testify in support of the will, to the instructions received from the testator in respect to the provisions to be incorporated in the will. (*Sheridan* v. *Houghton,* 6 Abb. N. C., 234; S. C., 16 Hun, 628; affirmed, 84 N. Y., 643 ; *Matter of Chapman,* 27 Hun, 573 ; *Whelpley* v. *Loder,* 1 Dem., 368; *Hebbard* v. *Haughiun,* 70 N. Y., 54.) A trustee under a will, who is entitled to a reasonable compensation for his services, is not incompetent under section 829 of the Code of Civil Procedure, to testify in support of the will. (Code of Civil Pro., § 2544; *Rugg* v. *Rugg,* 83 N. Y., 592 ; *In re Will of Huestis,* 23 N. Y. Weekly Dig., 224.) Proponent's offer to prove, by the draughtsman of the will (who is an attorney and also a trustee under the will), the instructions received, and that they were carried out by

the will, was erroneously rejected. The ruling that Helen A. Bearup is incompetent, under section 829, Code Civil Procedure, to testify to personal transactions with the testator, was error. She is not a legatee or devisee, and falls within the rule applicable to executors.

It was error to permit the contestant to prove, over proponent's objection and exception, by Munson Cook, the statements of the draughtsman; and it was also error to permit the contestant to prove like statements by Emma Lawton. The declarations of the draughtsman in respect to the mental condition of the testatrix were incompetent. It was incompetent for the contestants to show by these witnesses that the draughtsman made statements indicating that, in his opinion, the testatrix was incompetent to transact business. Had he testified he might have been contradicted, but his evidence was excluded by the surrogate. These errors are not such as may be disregarded under section 2545, Code Civil Procedure, because they bear directly upon the issue of fact upon which the decree rests.

The decree of the surrogate is reversed and a new trial is ordered before a jury upon the issues to be settled, with costs to abide the event.

BOARDMAN, J., concurred.

HARDIN, P. J. :

Because Helen A. Bearup was the donee of a power, with compensation for "services and care," it does not follow that she was beneficially interested, or disqualified from testifying to the execution of the will. (*McDonough* v. *Loughlin*, 20 Barb., 238; *Pruyn* v. *Brinkerhoff*, 57 id., 176; S. C., 7 Abb. [N. S.], 400; *Children's Aid Society* v. *Loveridge*, 70 N. Y., 387; *Rugg* v. *Rugg*, 21 Hun, 383; affirmed, 83 N. Y., 592; Code Civ. Pro., § 2544.)

I concur in brother FOLLETT's opinion, and agree that the erroneous rulings by the surrogate call for a reversal.

Decree of the surrogate of Jefferson county reversed, and a new trial ordered of issues of fact, before a jury in the Circuit Court in Jefferson county. Order to be settled by Justice FOLLETT. Costs of this appeal to abide the final direction of the surrogate.