In the matter of the Probate of the Last Will and Testament
of EDWARD D. HESDRA, Deceased.

Where the probate of a will was contested upon the ground that the
    instrument was fabricated after the death of the testator by O., one of
    the witnesses thereto, and the proof on the part of the contestants con-
    sisted mainly of acts and declarations of O., who had died prior to the
    trial, tending to show that the testator died intestate, and that O. fabri-
    cated the instrument, *held*, it was competent to prove declarations of
    O., during the life of the testator, to the effect that he had made a will.
*It seems* that declarations of a deceased subscribing witness to a will are
    competent to impeach its execution so far as his signature thereto is con-
    cerned; they have no other effect however, than to impair the force of his
    signature as evidence of the performance of the conditions stated in the
    attesting clause.
Where, therefore, evidence is given sufficient to sustain a finding that the
    signatures to a will are genuine, the surrogate is not required to refuse
    probate by proof of declarations on the part of a deceased subscrib-
    ing witness to the effect that he fabricated the will.

(Argued December 17, 1889 ; decided January 14, 1890.)

APPEAL from judgment of the General Term of the
Supreme Court in the second judicial department, entered
upon an order made June 25, 1888, which affirmed a decree
of the surrogate of Rockland county admitting to probate the
will of Edward D. Hesdra, deceased.

Probate was contested on the ground that the instrument
was fabricated, and the signatures of the testator and of one
of the subscribing witnesses was forged by Onderdonk, the
other subscribing witness, after the death of the testator.
The other witness and Onderdonk were both dead at the time
of the trial.

The court here, after a discussion of the evidence, reached
the conclusion that there was sufficient to sustain the decision
of the surrogate.

The evidence presented by the contestants to sustain their
theory consisted of declarations of Onderdonk to the effect
that Hesdra died intestate, and that he fabricated the will.

The following are extracts from the opinion :

" Some question has been made by the respondent as to the
competency of the declaration of a subscribing witness to

impeach the execution of a will; but the case of *Losee* v. *Losee*
(2 Hill, 612) seems to be an authority for the admissibility of
such evidence.    It is there said that ' proof of the signature
of a deceased subscribing witness is presumptive evidence of
the truth of everything appearing upon the face of the instru-
ment relating to its execution, as it is presumed the witness
would not have subscribed his name in attestation of that
which did not take place.    But this presumption may be
rebutted, and, hence, the propriety and even necessity of per-
mitting him to be impeached in the usual mode, as if he were
living and had testified at the trial to what his signature
imports.    The reason for admitting such evidence in a case
like the present was stated by BUGLEY, J., in *Doe* v. *Ridg-
way* (4 Barn. & Ald. 52), thus: He (the attesting witness to a
bond) must have been called, if he had been alive, and it
would then have been competent to prove by cross-examination
his declarations as to the forgery of the bond.    Now the
party ought not, by the death of the witness, to be deprived
of obtaining the advantage of such evidence.'

" The competency of this evidence is supported by an able
note to the case from the learned reporter of the court, who
was peculiarly qualified to discuss questions relating to rules
of evidence.

" Assuming, therefore, for the purpose of this decision that
all the evidence produced by the appellant was competent, and
that the declarations of a subscribing witness are competent to
impeach its execution, a question which we do not decide, as
the decision being in favor of the appellant it becomes
unnecessary to do so, we proceed with the examination of the
case.    The declarations of the subscribing witness Onderdonk,
tending to show the forgery of the various signatures thereto
affected the credibility of the witness alone, and had no other
effect than to impair the force of his signature as evidence of
the performance of the conditions stated in the attesting
clause, and still left the question of fact, whether the will was
properly executed, to be determined by the trial court upon
all the evidence of the case.    Assuming as we must, under the
findings of the court, that all of the signatures to the will were

genuine, it remained for the trial court to determine whether the contradictory declarations made by one of the witnesses thereto, subsequent to its execution, were of such a character as required the surrogate to refuse probate to the will. Such declarations could have no greater effect than the positive evidence of the witness upon the stand to the same effect, and yet, even under such circumstances, wills have frequently been admitted to probate upon corroborating evidence derived from circumstances. (*Matter of Cottrell, supra,* and cases there cited.)

"The Code expressly provides that the proof of a will may be established when a subscribing witness has forgotten the occurrence of its execution, or testifies against it, upon proof of the handwriting of the testator and the subscribing witnesses, and of such other circumstances as would be sufficient to prove the will upon the trial of an action. (§ 2620.) This section received a practical construction in *Brown* v. *Clark* (77 N. Y. 369); *Matter of Pepoon* (91 id. 255), and *Matter of Cottrell* (95 id. 329), and was held to mean, in accordance with prior decisions cited, that the proof of circumstances bearing upon the question of the authenticity of the will in connection with a regular attestation clause duly executed, were, if sufficient to satisfy the court of its genuineness, all that was required to sustain the probate of a will.

"In the *Cottrell Case* the probate was sustained where both of the subscribing witnesses denied the genuineness of their signatures to the attestation clause, as well as the performance of conditions required by the statute. An examination of the condition, situation and relation of the parties, the disposition of property made by the will, and the other circumstances bearing upon the probabilities of the case satisfies us that there was sufficient corroborative evidence to establish the authenticity of the will.    *    *    *

"It is claimed by the contestant that the surrogate erred in permitting the proponents to show confirmatory declarations by John V. Onderdonk, made prior to the death of Hesdra, to support the authenticity of the will. It is, undoubtedly, the general rule that when a witness has been proved to have

made contradictory statements, his evidence cannot be supported by proving that at other times he had made statements in harmony with his evidence. There are, however, well settled exceptions to the rule, and we think this case comes within them. (*Robb* v. *Hackley*, 23 Wend. 50.)

"The head-note to that case reads that ' where the witness is charged with giving his testimony under the influence of some motive prompting him to make a false or colored statement, it may be shown that he made similar declarations at a time when the imputed motive did not exist. So in contradiction of evidence tending to show that the account of the transaction given by the witness is a fabrication of late date, it may be shown that the same account was given by him before its ultimate operation and effect arising from a change of circumstances could have been forseen.' This case has been frequently cited in the text writers and followed with approval by the courts of this state. (Greenl. on Ev. § 469; Whart. on Ev. § 570; *Dudley* v. *Bolles*, 24 Wend. 471; *Gilbert* v. *Sage*, 57 N. Y. 639; *Hotchkiss* v. *Germania Fire Ins. Co.*, 5 Hun, 90.)

"In *Gilbert* v. *Sage*, it is said that ' as the aim of the cross-examination was to establish that so much of the conversation as was not detailed to defendant's counsel was an after-thought and subsequent invention of the witness, it was proper to show in answer that the witness had previously told the same story.' In *Hotchkis* v. *Germania Fire Insurance Co.*, it was said by MULLEN, J., that ' statements made by a witness corroborating his evidence on the trial, made soon after the transaction to which it relates, or when he was not under the influence of any motive to relate the transaction untruthfully, are competent where it is shown that he had given a different relation of the occurrence, or that he had testified under the influence of a motive calculated to induce him to testify falsely.'

"In *Herrick* v. *Smith* (13 Hun, 446), the same doctrine was laid down, and evidence to show corroborative statements made by the witness at a time when the alleged motive to testify falsely did not exist, were allowed.

"The case of *Robb* v. *Hackley* was also approved by Judge

MILLER in the case of *Railway Passenger Assurance Company* v. *Warner* (62 N. Y. 651). And see also *Wray* v. *Fedderke* (11 J. & S. 335).

"The contestant's evidence tended to show that Onderdonk declared, after Hesdra's death, that he intended to fabricate a will for Hesdra. We think it was competent within the authorities to rebut this evidence by proof of his declarations during Hesdra's lifetime, that Hesdra had made a will."

*William W. MacFarland* for appellants.

*Garrett Z. Snyder* and *Gratz Nathan* for respondents.

RUGER, Ch. J., reads for affirmance.
All concur, GRAY, J., concurring in result.
Judgment affirmed.

---

ADAM HENDERSON, as Administrator, etc., Appellant, *v.* THE KNICKERBOCKER ICE COMPANY, Respondent.

(Argued December 18, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of March, 1889, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial at circuit.

*William A. Coursen* for appellant.

*Michael M. Forrest* for respondent.

Agree to affirm; no opinion.
All concur.
Judgment affirmed.