## In re NELSON'S WILL.

(*Supreme Court, General Term, Second Department.* December 14, 1891.)

WILLS—PUBLICATION—PRESUMPTION OF DUE EXECUTION.

> The attestation clause of a will failed to recite that the witnesses signed at the testator's request; and on probate, 13 years after its execution, the only living witness to the will testified that he was not requested to sign by the testator, but that the attesting clause was read to him in the latter's presence by the other subscribing witness, at whose request he signed. Both the testator and such other subscribing witness, who in part superintended the execution of the will, were lawyers, familiar with all the requisites of a valid will. *Held,* that from this latter fact it must be presumed that all requisite formalities were complied with, and that this was not rebutted by the testimony of the surviving witness.

Appeal from surrogate's court, Dutchess county.

Application for probate of the last will and testament of Homer A. Nelson, deceased. The will was properly signed, and the attestation clause recited a compliance with all the formalities required, excepting that it did not state that the witnesses subscribed their names at the request of the testator. Frank Keller, the only surviving witness, testified that the attestation clause was read to him in the testator's presence by the other subscribing witness, who in part superintended the execution of the will, and at whose request he subscribed his name, but that he was not requested to do so by the testator himself. The will was admitted to probate by the surrogate, and the contestant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*S. W. Fullerton* and *M. H. Hirschberg,* for appellant. *Frank B. Lown,* (*John Hackett* and *H. M. Taylor,* of counsel,) for respondent.

PRATT, J. The testator was a prominent practicing lawyer in the county of Dutchess for many years, and no man in that county knew more fully and accurately the requisites of a valid will than did the deceased; and the same might also, perhaps, be truthfully said of the subscribing witness O. D. M. Baker. The will was made some 13 years prior to testator's death, and during the latter portion of that time was in his possession. There is no testimony worthy of notice that at the time the will was signed he was not fully competent to make a will, or that it was the result of any restraint or undue influence. The evidence is abundant and conclusive to any fair mind that all the formalities to make a valid will were duly complied with. The fact that the testator was a lawyer of great ability and of much experience in the matter of wills, and familiar with all the requisite formalities for their valid execution; the further fact that the subscribing witness, who in part

superintended its execution, was also a person of like ability and experience, —afford a strong presumption that all the acts necessary to make a valid will were performed. In *Re Cottrell*, 95 N. Y. 339, the attestation clause is full and specific as to every requirement except it does not state that the witness signed at the request of the testator. This defect, if such it may be called, was fully supplied by sufficient proof that it was done at testator's request. The attestation clause is full and explicit, except as just stated, and it is subscribed by the two witnesses, and is to be regarded, in connection with the circumstances surrounding the execution of the will, as of more weight than the loose or perverse recollection of one of the subscribing witnesses. Wills concededly made by persons in full possession of all their faculties, attested in due form, ought not to be set aside on the flimsy pretext that a witness who has heard read the attestation clause does not remember after many years whether a particular formality was complied with. Aside from the uncertainty that would arise about every will, it would open the door to and afford a strong temptation to perjury. *Rugg* v. *Rugg*, 83 N. Y. 594; Code, § 2620; *In re Hesdras' Will*, 119 N. Y. 615, 23 N. E. Rep. 555. It is not necessary to comment on the testimony of the witness Keller, except to say that we think the surrogate was justified in not crediting some of his testimony; but the testimony of that witness supplies any defect in the attestation clause. It is not necessary to discuss the cases quoted by the contestants. Each contest about a will must be determined upon the particular facts and circumstances that surround it. There is no principle quoted by the contestants that is controlling in the present case to prevent the probate of the will. Judgment affirmed. All concur.