(No. 5348.   July 30, 1929.)

In   the   Matter   of   the   Estate   of   ALBERT   WILSON
GORDON,  Deceased.

[279 Pac. 625.]

John P. Gray and Ezra R. Whitla, for Appellant.

E. W. Wheelan and Peter Johnson, for Respondent.

WM. E. LEE, J.—On the death of Albert Wilson Gordon a petition was filed in Bonner county for probate of his will. At the hearing on the petition the two subscribing witnesses testified and an order was made admitting the will to probate. No appeal was taken from this order but a petition was filed alleging that the will was invalid and praying for a revocation of the order admitting it to probate. A hearing was had thereon in the probate court, and an order was made confirming the order admitting the will to probate. An appeal was taken from the last-mentioned order to the district court. By stipulation, the matter was heard on the record made, including the testimony taken at the two hearings in the probate court. The district court ordered the contest dismissed and the will admitted to probate; and it is from that order that this appeal is taken.

The sole question presented is whether the will was properly executed.

Mr. Gordon was sixty-nine years old but was physically and mentally sound when the will was made. The will was drafted by his attorney but was not executed in the attorney's presence. After the will was prepared, Mr. Gordon sent word to two friends to come to his home to witness the execution of his will. Mrs. Badgley, one of the subscribing witnesses, testified that, on their arrival, Mr. Crisp, the other subscribing witness, asked Mr. Gordon if he wanted to see them, and that Mr. Gordon said: "Yes, I want you to witness the signature—witness my signature"; that Mr. Gordon then said something to Mrs. Sullivan, "and she went to the

writing desk and got this paper''—the will, and Mr. Gordon wrote his signature and it was signed by the witnesses; that she knew she was witnessing Mr. Gordon's signature to his will, although he did not say to them that it was his will. The testimony of Mr. Crisp was substantially the same as that of Mrs. Badgley, except that he did not say whether Mr. Gordon addressed any remarks to Mrs. Sullivan. Mrs. Sullivan, who was named executrix in the will, testified that on the arrival of those who were to be the subscribing witnesses, one of them said: ''Mr. Gordon, did you want to see us?'' and Mr. Gordon replied: ''Yes, Ethel [Mrs. Sullivan] has my will; I want you to witness my signature to it''; that she immediately got the instrument, laid it on the table, where it was signed by Mr. Gordon and witnessed. Each of the subscribing witnesses identified the will as the instrument signed by Mr. Gordon and witnessed by themselves. The will contains a full and complete attestation clause, following the signature of the testator, to which the witnesses subscribed their names.

On the contest of a will, the law requires the examination of the subscribing witnesses if they are present in the county, but it does not make their testimony conclusive. The testimony of other witnesses is admissible to establish the due execution of a will. (C. S., sec. 7455; *Farleigh v. Kelley*, 28 Mont. 421, 72 Pac. 756, 63 L. R. A. 319; *In re Williams' Will*, 50 Mont. 142, 145 Pac. 957; *Matter of Will of Cottrell*, 95 N. Y. 329.)

The statute requires that, at the time of subscribing or acknowledging the same, the testator must declare to the attesting witnesses that the instrument is his will. While this requirement must be complied with, no particular formula, of words or actions, is prescribed to constitute the required declaration. It may be done, of course, by word of mouth, but an examination of the numerous decisions is convincing that it may also be inferred from the acts and conduct of the testator. (*Head v. Nixon*, 22 Ida. 765, 128 Pac. 557; 1 Page on Wills, 2d ed., sec. 359; 28 R. C. L. (Wills), sec. 75; 40 Cyc., p. 1117; 3 Church's Probate Law

& Practice, 2d ed., p. 2084 (4); Hillyer's Supplement 1926 to Church's Probate Law & Practice, p. 3795 (3); *In re Johnson's Estate,* 152 Cal. 778, 93 Pac. 1015; *In re Kent's Estate,* 161 Cal. 142, 118 Pac. 523; *In re Silva's Estate,* 169 Cal. 116, 145 Pac. 1015; *In re Cullberg's Estate,* 169 Cal. 365, 146 Pac. 888; *In re Miller's Estate,* 37 Mont. 545, 97 Pac. 935; *In re Vaughn's Estate,* 137 Wash. 512, 242 Pac. 1094; *In re Sear's Estate,* 33 Misc. Rep. 141, 68 N. Y. Supp. 363; *In re De Hart's Will,* 67 Misc. Rep. 13, 122 N. Y. Supp. 220; *Perham v. Cottle,* 98 Misc. Rep. 48, 162 N. Y. Supp. 21; *Elkinton v. Brick,* 44 N. J. Eq. 154, 15 Atl. 391, 1 L. R. A. 161.)

Considering the facts, in the light of these rules of law, it is our conclusion that the requirements of the statute were complied with in the execution of the will and that the findings are sustained by the evidence. The statement: "Ethel has my will; I want you to witness my signature to it," immediately followed by its production, its subscription by the testator, its attestation by the subscribing witnesses, satisfied the requirements of the statute as to publication. (See authorities last cited.) There is no doubt that the subscribing witnesses understood at the time that Mr. Gordon was executing his will and that they, as subscribing witnesses, were attesting its execution.

On the record before us the district court was justified in finding that the will had been duly executed.

Judgment affirmed. Costs to respondent.

Budge, C. J., and Givens, T. Bailey Lee and Varian, JJ., concur.