Harry G. Herman, S.
Submitted for probate is an instrument bearing date April 28, 1962, purporting to be the last will and testament of the decedent. It appears on its face to have been validly executed for it contains the signatures of the testator and two subscribing witnesses together with the usual attestation clause reciting therein the elements of due execution.
The testimony of the subscribing witnesses was taken in detail. At the conclusion thereof, all the requirements for proper execution had been unquestionably met save one. Some doubt was raised concerning publication. All the signatures appearing on the testamentary document were identified. One of the witnesses stated he was asked to witness a ‘ ‘ document ’ ’ but assumed it was a will. The other witness testified that the testator did not state the document to be his will but went into detail to describe that he believed he was acting as a witness to a will. The words alleged to have been used by the testator were “ business papers ” in referring to the instrument. There is a complete lack of any fraud or undue influence.
The proponent also presented the testimony of subscribing witnesses to the preceding will executed within three years prior to the one offered for probate. This testimony disclosed in substance that the testator presided over the execution of the earlier document, which he had prepared, and that all the testamentary requirements had been met. The purpose of accepting this testimony was to bring this matter within the language of *152 the court in Matter of Cottrell (95 N. Y. 329, 339) as follows: “ The testator had not only once correctly gone through the ceremony of executing a will, but by drawing the attestation clause in question he had at the time necessarily brought before his mind each one of the conditions imposed by the statute as necessary to its valid execution. It is quite unreasonable to suppose that such a person having drawn and signed a will, and having added thereto a proper attestation clause, should have provided witnesses therefor, and required them to sign a certificate to the effect that each of the required formalities had then been observed, without also providing for their actual performance. He had knowledge of the necessity of the act required, to the validity of the business he was then transacting, and to hold that he omitted it would oblige us to ascribe to him the intention of performing a vain and useless ceremony at the expense of time and labor to himself and the commission of a motiveless crime. The presumptions arising from the certificate of the subscribing witnesses, and the supervision of an experienced person that the requisite formalities were complied with, are fortified by the acts and conduct of the testator.”
The statute has established certain formalities relative to execution to prevent imposition, undue influence and fraud; but substantial compliance with the statute is sufficient. (Matter of Hunt, 110 N. Y. 278.) The authorities have determined that an instrument duly attested upon its face, signatures to which are all genuine, may be admitted to probate in the face of some testimony that all formalities have not strictly been met, if other evidence warrants an inference of due execution. (Orser v. Orser, 24 N. Y. 51.)
Under similar circumstances as here, when a complete attestation clause is in existence, the court has held there is a presumption of compliance with the necessary formalities of execution. (Matter of Zipkin, 3 Misc 2d 396.)
Based on the testimony elicited, the absence of any fraud or undue influence, existence of an attestation clause spelling out due execution and genuineness of the signatures to the instrument, the court is convinced that a strong presumption of compliance with the statutory requirements exists sufficient to enable the court to decree probate to the instrument dated April 28,1962. (Matter of Cottrell, 95 N. Y. 329, supra.)