Matter of Natale (2018 NY Slip Op 01272)





Matter of Natale


2018 NY Slip Op 01272


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Sweeny, Kahn, Singh, Moulton, JJ.


5816 4202/14

[*1]In re Domenick E. Natale, Deceased
Christine Bricker, Petitioner-Respondent,
v
Cynthia Hazell, et al., Objectants-Appellants.


John Newman, Huntington, for appellants.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola (David A. Bamdad of counsel), for respondent.



Order, Surrogate's Court, New York County (Nora S. Anderson, S.), entered on or about December 22, 2016, which, to the extent appealed from as limited by the briefs, denied objectants' motion for summary judgment dismissing the probate petition on the ground of lack of due execution and granted petitioner's cross motion for summary judgment dismissing that objection, unanimously affirmed, without costs.
On its face, the propounded document satisfies the requirements of EPTL 3-2.1(a). In addition, "a full attestation clause regularly authenticated . . . is entitled to great weight" (Matter of Cottrell, 95 NY 329, 335 [1884]), and a self-proving affidavit raises a presumption of "due execution" (Matter of Schlaeger, 74 AD3d 405, 407 [1st Dept 2010]).
Objectants rely on the fact that the sole surviving attesting witness had no memory of the will execution ceremony and, indeed, thought it improbable that she had signed the will at the address indicated in the self-proving affidavit. However, with respect to the first point, "[a] will may be admitted to probate notwithstanding the failed or imperfect memory of both attesting witnesses" (Matter of Collins, 60 NY2d 466, 468 [1983]; see also e.g. Cottrell, 95 NY at 333-334; Matter of Halpern, 76 AD3d 429, 432 [1st Dept 2010], affd 16 NY3d 777 [2011]). With respect to the second point, courts have "permit[ted] probate even where the attesting witnesses . . . testified against the will" (Collins, 60 NY2d at 470; see also Cottrell, 95 NY at 333-335, 338-340).
To be sure, a failure of the attesting witnesses' "recollection intensifies the care and vigilance that must be exercised in examining the remaining evidence" (Collins, 60 NY2d at 473). However, the fact that the attorney supervising the will ceremony was decedent's wife and would have inherited the entire estate had she survived her husband is not suspicious. It was natural for decedent to bequeath all his property, in the first instance, to his wife. By contrast, in Matter of Kindberg (207 NY 220 [1912]), there is no indication that the lawyer who drew the will and would take the major part of the testator's estate (see id. at 226) had any close relationship with the testator.
In sum, "[i]n opposition to the petitioner's prima facie showing that the will was properly [*2]executed . . ., the objectant[s] failed to raise a triable issue of fact to support [their] objection for improper execution" (Matter of Tuccio, 38 AD3d 791, 791-792 [2d Dept 2007], lv denied 9 NY3d 802 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK