## Jackson, *ex dem.* A. Bowman, *vs.* Christman.

A *limitation over* contained in a devise in the following words, " I give, devise and bequeath unto my six sons, viz. F. &c. all my real and personal estate, share and share alike, whatsoever and wheresoever, to hold to them, their heirs and assigns, and if any of the above six should happen to die without heirs, then his or their share shall fall to the survivors of the above named sons, share and share alike," is good and effectual by way

of executory devise, to vest in the suriving brothers the share of one of the devisees on his dying without issue.

A will upwards of 40 years standing after the death of the testator, it being clearly proved that the land devised by it had, ever since the death of the testator, been held under and according to its provisions, was admitted in evidence as an *ancient* deed, without proof of its execution, although one of the subscribing witnessess was shewn to be alive and within the jurisdiction of the court, and notwithstanding that the *attestation* did not state that the witnesses subscribed their names in the presence of the testator.

The omission to state the fact that the witnesses subscribed their names in the presence of the testator does not conclude the jury from finding that the will was so subscribed, if warranted by the circumstances to find in favor of its due execution.

The substantial ground of objection to the introduction of evidence must be explicitly stated at the trial, or it will not be heard in *bank*, if the party could have obviated the objection if properly made.

Where a bond signed by several obligors came collaterally in question, and the name of one of the obligors and of one of the witnesses was the same, and the judge at the trial admitted the bond to be read in evidence, upon proof of the hand writing of the other witness who was shewn to be dead, without requiring the absence of the other witness to be accounted for, *it was held* that the judge erred ; that in the absence of proof, he was not authorized to say from the identity of the name that the obligor and witness were the same person ; and *it seems* that though the fact had appeared he would have been a competent witness in the cause, it being between other persons.

A *partition* between parties holding a conditional fee or an estate for life only does not enlarge the estate, but merely severs the tenancy or possession during its continuance. And if from the lapse of time since the partition, *releases* might be presumed, the presumption would be that the releases were made in accordance with, and not in enlargement of the estates of the parties.

THIS was an action of ejectment, tried at the Herkimer circuit in September, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The lessor of the plaintiff claims to recover an undivided one eighteenth of the low lands of lot No. 14 in the German Flatts patent, being an equal undivided third part of certain premises allotted to his brother *Johannes* on a partition, amongst six of the children of George Adam Bowman, the father of the lessor of the plaintiff. George Adam Bowman made his last will and testament bearing date 18th February, 1785. The fourth clause of the will is in these words : " Fourthly, I give, devise and bequeath unto my six sons, viz. Frederick, Johannes, Honnical, Adam, Christopher and

Yerry, all my real and personal estate, share and share alike, whatsoever and wheresoever, to hold to them, their heirs and assigns ; and if any of the above six should happen to die without heirs, then his or their share shall fall to the survivors of the above named sons, share and share alike." The attestation clause to the will is in the following words ; "Signed, sealed, published and declared by the said Adam Bowman as and for his last will and testament, in presence of us ;" and was witnessed by three persons. The testator died in February, 1787. and the devisees entered into possession of lot No. 14, whereof the testator died possessed. *Some time* after the death of the testator, (but at what time is not stated in the case, though probably previous to 1791, as would seem from the date of a bond hereinafter mentioned,) a *parol* partition was made of the lot amongst the six devisees ; the same being divided into six equal parts, each part having a portion of the up-land and of the low-land ; the easterly sixth was allotted to Honnical, the next share to Johannes, &c. &c. Frederick, one of the devisees, sold out his share to four of his brothers. Johannes and Honnical sold their shares to the defendant in this cause, and the three other brothers sold their shares to another person ; the purchasers have remained in possession ever since. In September, 1827, Johannes died without children, leaving his brothers Honnical, Christopher and Adam, him surviving, and Adam now claims to recover, under the limitation over in the will, one third of the share originally allotted to Johannes.

After shewing the above facts, the plaintiff offered in evidence the will of George Adam Bowman as an *ancient* deed, without adducing proof of its execution. The defendant objected to its being received, unless proved by one of the subscribing witnesses, who it appeared was living at Jamesville, in Onondaga county, aged 80 or 82, and quite infirm. The judge overruled the objection and the will was read. The counsel for the defendant then objected to the will as an invalid paper, for that the attestation was not conformable to the statute, it not appearing that the witnesses subscribed their names in the presence of the testator. The judge reserved the question for the opinion of this court.

Jackson
v.
Christman.

On the part of the defendant was offered in evidence a bond executed by the six devisees of the will of George Adam Bowman, bearing date 19th September, 1791, whereby they bound themselves severally in the sum of £200 to abide by the partition of the lot made between them. In it was contained also a clause, that four of the parties should have the use of the house and barn until the parties had released one to another. The bond purported to have been executed in the presence of William Petry and Frederick Bowman. The signature and death of Petry was proved. The plaintiff's counsel insisted that the other witness should be called or his absence accounted for. The judge, however, without further proof, permitted the bond to be read in evidence. The defendant also read in evidence a deed to him with warranty, from *Johannes Bowman* and Nicholas Bowman, bearing date 27th August, 1808, conveying twelve acres of lot No. 14, covering the premises in question for the consideration of $500.

A verdict was taken for the plaintiff, subject to the opinion of this court. The cause was submitted on written arguments.

*C. Gray*, for the plaintiff. The limitation over in the fourth clause of the will is good by way of executory devise, vesting in the lessor of the plaintiff on the death of Johannes, one third of the share or portion of the estate devised to him. (16 Johns. *R.* 382. 20 id. 483. 2 Cowen, 333. 6. id. 178.) The word *heirs* as used in the will, is synonymous with the words *lawful issue* or *issue of the body*. (11 Johns. R. 337. 10 id. 12.)

A will of 30 years standing since the death of the testator, and corresponding possessions under it for that period, may be read in evidence as an ancient deed, although the subscribing witnesses thereto are living at the time. (3 Johns. R. 289. 3 Johns. Cas. 283. Peake's Ev. 110. 5 T. R. 259.) Here the time is upwards of 40 years.

The attestation clause is sufficient. The statute prescribes no form. An omission as to the statement of the formalities may be supplied by proof. In this case it is supplied by

the lapse of time and the corresponding possession. Willes' R. 1. Comyn's R. 530. 2 Strange, 1109.)

The bond was improperly received in evidence. It was said that F. Bowman the witness, and F. Bowman one of the obligors, was one and the same person. There was no proof of the fact, and it ought not to have been presumed. If he was the same person, no rule of evidence excluded him from testifying. (Espinasse's Dig. tit. Ev. 486. 1 Phil. Ev. 412.)

If the bond be considered proved, it furnishes no evidence of a release, and lays no foundation for a presumption of a release. If, however, a release may be presumed, it will be a release in conformity to the provisions of the will, vesting the estate given by it, and not creating a greater estate.

The partition amounted to a severance of the tenancy in common and gave to each his share in severalty. The lessor of the plaintiff is therefore entitled to one third of the share allotted to Johannes.

*L. Ford*, for defendant. The will was not sufficiently proved. The witness shewn to be living ought to have been produced. (19 Johns. R. 386.) If read as an ancient deed, nothing should be presumed in support of it but what appears on its face; it does not appear that the witnesses subscribed it in the presence of the testator.

A release may well be presumed; especially when by the bond it appears that the parties bound themselves to *abide* by the partition. The limitation over created an estate tail, which by statute is converted into an estate in fee. The words of limitation used in the will mean an indefinite failure of issue.

*By the Court*, SUTHERLAND, J. The limitation over in the fourth clause of the will of George Adam Bowman is good and effectual by way of an executory devise; and Johannes, one of the devisees, having died without heirs, his share of the estate vested in his surviving brothers in fee. This limitation is almost in the very words used by the testator in the

case of *Jackson* v. *Staats*. (11 Johns. R. 338,) where it was held a good executory devise. The same point was adjudged in *Fosdick* v. *Cornell*, (1 Johns. R. 444,) and *Moffat* v. *Strong*, (10 Johns. R. 13,) and has been re-considered and finally put at rest in *Jackson* v. *Anderson*, (16 Johns. R. 382,) *Lion* v. *Burtis*, (20 Johns. R. 483,) *Wilkes* v. *Lion*, (2 Cowen, 333,) and *Jackson* v. *Thompson*, (6 Cowen, 180.).

2. I am inclined to think the will was properly admitted in evidence as an ancient will without proof of its execution, although one of the subscribing witnesses was shewn to have been still alive and within the jurisdiction of the court. The will was executed in 1785, and the testator died in July, 1787. The cause was tried in 1828, and it was clearly proved that the lands devised by the will had, ever since the death of the testator, been held under the will and according to its provisions. The will therefore was more than 40 years of age, with a corresponding possession during the whole period. It is not denied, if the attestation of the witnesses had stated every thing requisite to a complete and valid execution of the will, that it might have been read as an ancient will without further proof. (2 Esp. Rep. 665. 1 Phil. Ev. 408, 441. 4 T. R. 707, 709. 6 Cowen, 202. 3 Johns. Cas. 283. 3 Johns. R. 292. 6 Binney, 435.)

The attestation does not state that the witnesses subscribed their names in the presence of the testator. Although it is usual and proper to insert that fact in the attestation, it is not absolutely necessary, and the omission will not conclude the jury from finding that the will was so subscribed. (*Prics* v. *Smith*, Wills, 1. *Croft* v. *Pawlet*, 2 Strange, 1109. *Hand* v. *James*, 2 Comyn's R. 530. 4 Taunt. 217. Bull. N. P. 264. 1 Phil. Ev. 438, 440.) It is a question for the consideration of the jury, to be determined upon the evidence; and if the witness had been produced, and had been unable to recollect any of the circumstances attending the execution of the will, the jury would notwithstanding have been bound to find in favor of its due execution. If the subscribing witnesses all swear that the will was not duly executed, the devisee may notwithstanding go into circumstantial evidence to prove its due execution; (Bull. N. P, 264;

Strange, 1026, 1096 ; *Lowe* v. *Joliffe*, 1 Black. Rep. 365 ;) and what circumstances would justify a stronger presumption in favor of the validity of a will than the fact that the devisees, who had all the means of knowledge in their power, treated it as a valid will, entered upon and divided the estate according to its provisions, and continued so to hold and enjoy their respective portions for more than 40 years ?

This being a verdict subject to the opinion of the court, the court are authorized to draw the same conclusions which the jury would have been justified in drawing from the evidence ; and if they would have been justified in finding in favor of the will, even if the witness had been produced and had sworn that it was not subscribed by the witnesses in the presence of the testator, the fact may be considered as found by the jury.

But I am inclined to think the objection at the trial was not sufficiently specific to raise this question. The reading of the will was objected to on the ground *that one of the subscribing witnesses was still living* and ought to be produced. No allusion was made, in corroboration of this objection, to the fact that the attestation was defective. The objection, independently of that fact, was clearly unfounded. The witness may have been in court, and if the substantial ground of the objection had been stated, the plaintiff might voluntarily have produced him, or the judge have compelled his production.

3. The bond of the 19th September, 1791, executed by the six brothers, binding themselves each in the penal sum of $500, to abide by the parol partition which had been made between them, was not properly proved, and should not have been read in evidence. The subscribing witness, Frederick Bowman, should have been produced, or his absence accounted for. There was no evidence of his death, or of his absence from the state. The proof of the hand writing of the other witness who was dead, was not, under such circumstances, sufficient. It was not shewn that Frederick Bowman, the witness, was one of the obligors. We are not authorized to say the obligor and the witness was the same

person from the identity of the name. If the fact had appeared, I am not prepared to say he would not have been a competent witness to prove the execution of the bond, coming, as it does, collaterally in question between other persons.

4. But, excluding this bond, what is the effect upon the rights of the defendant of the parol partition made between the brothers soon after the death of their father in 1787, and according to which they, or their grantees, have held from that time to the present. Johannes, who sold the share which was allotted to him to the defendant, died in 1827, without heirs; and the question arises, whether the surviving brothers, who were parties to this partition, can now deny that Johannes had an absolute estate in fee in his portion, and claim their respective shares of the same as his survivors under the will. The partition was of such interest or estate only, as the brothers took under the will of their father. If the will gave them an absolute estate in fee, then the effect of the partition was to sever the tenancy in common in the portion allowed to each, and to give to each an exclusive estate in fee in that portion. But if they took under the will only a conditional fee, or an estate for life, the partition did not enlarge the estate, but merely severed the tenancy or possession during its continuance: and even if releases between the brothers were to be presumed, the presumption would be that they were made in accordance with the provisions of the will, and did not enlarge the estate to which they were respectively entitled under the will.

Adam, Christopher, and Honnical Bowman are the only surviving sons. When Frederick and Yerry died does not appear, nor whether they left issue; and as nothing is said, either in the case or the argument, of counsel on that point, the fair conclusion is that they left issue, and that Johannes acquired no additional interest in the premises by their death.

The lessor of the plaintiff is therefore entitled, as one of the three survivors to Johannes, to recover an undivided third part of the premises which the defendant purchased from Johannes.