In the Matter of the Petition for the Probate of the Last Will and
Testament of ORVILLE ELMER, Deceased.

GENERAL MISSIONARY BOARD OF THE FREE METHODIST CHURCH,
Appellant; DAVID COOK and Others, Respondents.

*Probate of will — burden of proof — rules of evidence.*

The question whether a will was properly executed pursuant to the statute (2 R.
S. chap. 6, tit. 1, art. 3, § 40, p. 63) is one of fact to be determined by the Sur-
rogate's Court, and in such an inquiry the same rules prevail as control in the
trial and decision of other issues of fact.

The proponent has the affirmative of the issue and must convince the trial court
by satisfactory proof that every statutory requirement has been complied
with.

APPEAL by the General Missionary Board of the Free Methodist
Church, the residuary legatee named in the alleged last will and tes-
tament of Orville Elmer, deceased, from a decree of the Surrogate's
Court of the county of Oneida, entered in said court on the 2d day
of October, 1894, adjudging that an instrument purporting to be the
last will and testament of Orville Elmer, deceased, was not executed
and attested according to law; that it is null and void and not a will
of the deceased, and that he died intestate.

. *H. W. Coley,* for the appellant.

*Timothy Curtin,* for the respondents.

MARTIN, J.:

The only question which seems necessary to be determined on
this appeal is whether, under the proof, the alleged will of the
decedent was properly and legally executed.

The statute relating to the execution of wills of real and personal
property provides: "Every last will and testament of real or per-
sonal property, or both, shall be executed and attested in the follow-
ing manner: 1. It shall be subscribed by the testator at the end of
the will. 2. Such subscription shall be made by the testator, in the
presence of each of the attesting witnesses, or shall be acknowledged
by him to have been so made, to each of the attesting witnesses.
3. The testator, at the time of making such subscription, or at the

time of acknowledging the same, shall declare the instrument so subscribed to be his last will and testament. 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator." (4 R. S. [8th ed.] p. 2547, § 40.)

The learned surrogate before whom this proceeding was had found as facts: " That the decedent did not execute the proposed will in the presence of the subscribing witnesses; that the will was not signed by him in the presence of the subscribing (witnesses), George E. Wright and Charles F. Arnold; that he did not declare it to be his last will and testament to the subscribing witnesses; that he did not acknowledge the signature to the said instrument to be his signature to the subscribing witnesses; and that the attestation clause to said will was not read over to the subscribing witnesses, or either of them; and that neither of the subscribing witnesses read the same; that the decedent did not request the subscribing witnesses, George E. Wright and Charles F. Arnold, to subscribe said paper as a witness, and that the will propounded was not executed according to the requirements of the statute."

As a conclusion of law the Surrogate's Court held that the paper propounded as the last will and testament of Orville Elmer, deceased, was not properly or legally executed; that the same was invalid and void as such, and that it was not the last will and testament of Orville Elmer, deceased.

The court also held that the alleged will should not be admitted to probate, and that the decedent died intestate leaving no last will or testament.

A careful examination of the evidence contained in the appeal book renders it quite manifest that the learned surrogate was justified in finding that the alleged will of the decedent was not executed according to the requirements of the statute. While the evidence of the subscribing witnesses was perhaps contradictory, and the circumstances attending the execution of the will somewhat uncertain, yet, in view of the proof and circumstances disclosed, it is quite clear that the question as to whether the will was properly executed, as required by the statute, was a question of fact to be determined by the Surrogate's Court. As was said by RUGER, Ch. J., in *Matter of Will of Cottrell* (95 N. Y. 329, 336): " The deter-

mination of the question of fact involved in the inquiry as to whether a will has been properly executed or not is governed by the same rules which control in the trial of other questions of fact. The proponent has the affirmative of the issue, and if he fails to convince the trial court by satisfactory evidence that each and every condition required to make a good execution of a will has been complied with, he will necessarily fail in establishing such will."

We are of the opinion that the findings of the learned surrogate were justified by the evidence, and that his decision refusing probate of the proposed will is sustained by authority. (*Lewis* v. *Lewis*, 11 N. Y. 220; *Mitchell* v. *Mitchell*, 16 Hun, 97; affd., 77 N. Y. 596; *Woolley* v. *Woolley*, 95 id. 231; *Matter of Mackay*, 110 id. 611; *Matter of Van Geison*, 47 Hun, 5.)

It follows that the decree of the Surrogate's Court should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Decree affirmed, with costs to the respondents payable out of the estate.