---

(19 App. Div. 266.)

## In re DE HAAS' WILL.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

WILLS—EVIDENCE OF EXECUTION.

Upon the trial of the question as to the execution of a will, one of the subscribing witnesses testified that, when he signed, the last page of the will was spread out before him; that he thought it was signed, basing this on memory, and not merely on his belief as to what he would have done; and that the testator declared the instrument to be his will, and asked him and the other witnesses to sign it. *Held* sufficient to warrant the jury in finding that when the witness subscribed the will it had been signed by the testator, that he saw the signature, and that the paper was declared by the testator to be his will when in that condition.

Appeal from surrogate court, New York county.

Alice Preble Tucker De Haas appeals from a judgment entered upon a verdict admitting to probate the will of Maurits F. H. De Haas. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

E. L. Heydecker, for appellant.
Jacob S. Van Wyck, for respondents.

RUMSEY, J. When this case was before the court upon the previous appeal from the decree of the surrogate, it was held that there was not sufficient evidence that the signature of the testator had been seen or identified, so that it could be said that the will was properly executed as required by the statute. In accordance with that holding, the decree of the surrogate was reversed (41 N. Y. Supp. 696), and the case was sent to a jury for trial. That trial having been had, the proceedings are again before us for a review.

The evidence adduced upon the trial before the jury changed materially the condition of affairs as they formerly appeared. There were three witnesses to the will. One of them, Mr. Hubbard, had died before the testator. No evidence was given upon the trial before the surrogate as to his signature to the will. Upon this trial, however, the necessary proof was made, pursuant to section 2620 of the Code of Civil Procedure, of the signature of the subscribing witness and of the testator, and of such other circumstances as would be sufficient to prove the will upon the trial of an action, and that testimony, taken in connection with the testimony of the witness Guy, fully establishes all the facts required by the statute to prove the due execution of the will. In addition, the testimony of the witness Skinner was substantially changed from what it had been on the trial before the surrogate. Upon that trial it was not made

to appear with sufficient clearness that Mr. Skinner actually saw the signature of the testator at the time he witnessed the will, but that fact was left in so much doubt that the court did not feel justified in saying that it constituted sufficient proof of a proper execution of the will. Upon this trial, however, while Mr. Skinner does not swear with great positiveness, yet he does swear that the last page was spread out before him; that he thinks it was signed; and that the testator declared it to be his will, and asked him and the other witnesses to sign it. When he was asked whether his reason for saying that the signature was there must have been chiefly the idea that he would not have taken part in the improper execution of a will, rather than on distinct recollection as to what he did at the time, he said he should say from memory that the name was there. While this evidence, taken with all the other evidence given by Mr. Skinner, and all the other circumstances of the case, was not that of a man who was absolutely certain of the fact, yet it was sufficient to warrant the jury in finding as to him that at the time he subscribed as a witness to the will at the request of the testator it had been signed, that he saw the signature, and that it was declared by the testator to be his will when it was in that condition. For these reasons we think the verdict of the jury was founded upon sufficient testimony, and that the judgment must be affirmed, with costs. We do not consider the questions raised as to the construction of the will. All concur.