proposition to be supported by authority (and no authority is cited), this is not an equitable action. It is an action at law to recover for services rendered, and was originally tried before a jury. Its character is not changed because it was subsequently tried before a referee, and upon the whole case we are clearly of opinion that the judgment was right.

The judgment appealed from should be affirmed, with costs. All concur.

---

(89 App. Div. 412.)

### In re CORNELL'S WILL.

(Supreme Court, Appellate Division, Second Department.  December 30, 1903.)

1. WILLS—ATTESTATION CLAUSE.
   An attestation clause to a will is not essential, so that one not explicit may be disregarded.

2. SAME—EXECUTION—COMPLIANCE WITH STATUTORY REQUIREMENTS.
   The evidence on probate of a will, the codicil to which had no sufficient attestation clause, *held* sufficient to sustain the finding of compliance with the statutory requirements in the execution of the codicil.

3. SAME—SIGNING BY TESTATOR.
   A finding that testator signed the codicil before the attesting witnesses is sustained by the explicit testimony to that effect by one of the subscribing witnesses and the attorney who was present, though the other subscribing witness testifies to the reverse order of signing, but then states that he is not sure about it.

4. WITNESSES—WAIVER OF PRIVILEGE.
   Where the attorney who drew the codicil and was present at its execution is called as a witness by the proponent of the will, testator's executor, this is a sufficient waiver of the privilege to authorize admission of his testimony on the probate of the will.

Appeal from Surrogate's Court, Kings County.

In the matter of the probate of the last will and testament of Benjamin L. Cornell, deceased. From a decree admitting the will to probate, contestant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Richard J. Morrisson, for appellant.
George S. Ingraham, for respondent.

JENKS, J. To say the least, there is much force in the criticism that the attestation clause is not full enough, though an argument contra may be made upon the word "thereupon." But an attestation clause is not essential. Disregarding it as not explicit, I am of opinion that the learned surrogate did not err in decreeing probate.

The contestant offered no evidence. No one was called save the two subscribing witnesses and the attorney who prepared the codicil and attended upon its execution. The subscription of the testator appears at the end of the will. The three witnesses agree that the testator made such subscription at the time in question, and the two subscribing witnesses (the lawyer not contradicting) agree that the subscription was made in their presence, and that the testator then declared that it was his last will. Mr. Rohrlack, one of the subscribing

witnesses, testifies that the testator asked him to sign, and that the lawyer, in the presence of the testator, explained that the instrument was a codicil, and "what we signed for, what we were witnesses for— to the codicil to the will. Mr. Cornell [the testator] said those were what his wishes were—to make a codicil. He said nothing to me about requesting me to sign it at that moment as a witness, but he called me for a witness. Mr. Cornell said he wanted me to witness it." Mr. Nehrbars, the other subscribing witness, testifies that the testator had asked him to be a witness to his will, and that he attended the execution, but that he could not remember whether at that time the testator said anything, but that the will was read over to him, and the lawyer said: "You are ready to sign? Do you want to sign it?" I think that there is sufficient evidence to sustain the decree, which is based upon the fulfillment of the statutory requirements. Chaffee v. Baptist Missionary Convention, 10 Paige, 85, 40 Am. Dec. 225; Lane v. Lane, 95 N. Y. 494, 495; Matter of Nelson's Will, 141 N. Y. 152, 157, 36 N. E. 3; Jackson v. Christman, 4 Wend. 277, 282.

The main contention of the learned counsel for the appellant is that the codicil is invalid because the testator subscribed the instrument in point of time after the subscribing witnesses. Mr. Rohrlack at first does testify that this was the order of subscription, but he subsequently qualifies his testimony by stating: "I am not sure about that. I think he signed it afterwards." Opposed to him is the positive testimony of the other subscribing witness, who is clear against his fellow; and that of the attending attorney, who is also explicit that the testator subscribed first. We have, then, the testimony of one subscribing witness who avowedly is not certain in his statement, opposed to the positive testimony of the other witness and that of the lawyer who attended upon the execution of the will. I see no reason to disturb the finding of the learned surrogate. Code Civ. Proc. § 2620; Jauncey v. Thorne, 2 Barb. Ch. 40, 59, 45 Am. Dec. 424; Orser v. Orser, 24 N. Y. 51; Egan v. Pease, 4 Dem. Sur. 301.

The appellant contends that the testimony of the witness Mr. Simonson must be disregarded, because there is nothing to show that he was present, and because he was prohibited from testifying. Mr. Simonson is the lawyer who prepared the codicil. Mr. Rohrlack testifies that the lawyer told him that it was a codicil, and that the lawyer was present at the time. He testifies, "I don't know his name, but the gentleman is here." He further testifies that the lawyer explained "what they signed for" in the presence of the testator. The other subscribing witness testifies that the lawyer read the clause to him, and that a lawyer was present and took part in the formalities of the occasion. Mr. Simonson testifies that he drew the codicil, and that Mr. Cornell signed the will first. There is not a particle of evidence to the effect that Mr. Simonson was not present at the time in question. So far as competency is concerned, the witness was called to the stand by the proponent, the sole executor of the testator, and I think that the rule of Holcomb v. Harris, 166 N. Y. 257, 263, 59 N. E. 820, applies in full vigor.

The decree should be affirmed, with costs. All concur.