The judgment must be reversed, and a new trial granted, with costs to appellants to abide the event.

GILDERSLEEVE, J. (concurring). I concur in the result reached by Presiding Justice SCOTT. I think the writing given to Bueb was sufficient authority to meet the requirements of the statute. The partnership of the plain'iffs, and the character of their business, was well known to the defend.int. Under the circumstances authorization to one member of the firm conferred authority upon the firm to offer the property and earn a commission.

The judgment should be reversed, and a new trial granted, with costs to appellants to abide the event.

MacLEAN, J. (dissenting). It was essential to the plaintiffs' case to prove, as pleaded in paragraph "second" and "third" of their complaint and put in issue by the defendant's answer, that the defendant duly employed the plaintiffs as his agents and brokers to procure a purchaser for the real property described, and that pursuant to such employment the plaintiffs procured a person ready, willing, and able to purchase said premises; and such employment they could only prove upon showing their written authority of the defendant. Turner v. Lane (Sup.) 93 N. Y. Supp. 1083. The "Memorandum for John J. Bueb, care of S. Cox & Co.," beginning "My Dear Mr. Bueb," offered in their behalf, was not competent proof of authority in the firm. The cases cited as impliedly holding otherwise upon employments or retainers of partnerships including a member or members who had, and another or others who had not, a required statutory qualification, and wherein recovery was allowed for services performed by the qualified partner, somewhat upon the principal of the whole including the parts, but only the converse of that principal, did it obtain, would extend the specific authorization of an individual into authority to a partnership to act and to bring action. If the defendant knew that Bueb was a member of the partnership, and, having that knowledge, nevertheless confined his authorization to represent him to Bueb, that all the less would indicate that he intended to authorize Cox to transact his business.

(109 App. Div. 777)

In re ELDRED'S WILL.

(Supreme Court, Appellate Division, Third Department. December 5, 1905.)

1. WILLS—EXECUTION—TESTIMONY OF ATTESTING WITNESS—WEIGHT.

The admission, on cross-examination of an attesting witness to a will testifying that the will was executed in compliance with the statutes, that he might be mistaken, but that his testimony was in accordance with his best recollection, did not show a failure to comply with the statute, but went to the weight of his testimony.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 711–721.]

2. SAME.

The admission, on cross-examination of an attesting witness to a will, testifying that the will was not executed in compliance with the statutes, that his memory was very poor, must be considered in connection with his testimony.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 711–721.]

**3. SAME—EXECUTION OF WILL—QUESTION OF FACT.**

Whether a will was executed in compliance with the statutes is a question of fact.

**4. SAME—EVIDENCE—SUFFICIENCY.**

Code Civ. Proc. § 2620, authorizing the probate of a will, though a subscribing witness testifies against the due execution thereof, where the circumstances prove the execution thereof, does not prohibit the probate of the will because one of the witnesses thereto willfully or otherwise testifies against the facts necessary to show a due execution thereof.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 711–721.]

**5. SAME.**

In a proceeding for the probate of a will, one of the attesting witnesses testified to the due execution thereof, but admitted on cross-examination that he might be mistaken. The other witness testified to facts showing the nonexecution of the will, and admitted that his memory was very poor. There were no suspicious circumstances surrounding the preparation and execution of the will. *Held* to warrant a finding that the will was properly executed.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 711–721.]

Appeal from Surrogate's Court, Fulton County.

Proceedings for the probate of the will of Eliza D. Eldred, deceased. From a decree admitting the will to probate, De Witt A. Devoe and another appeal. Affirmed.

The testatrix was a widow, and died November 27, 1902, without leaving a descendant. Her only heirs at law and next of kin were one nephew and one niece, the contestants. Her husband died about nine years before her death, and after his death she boarded at different places and lived for a part of the time at the Old Ladies' Home at Mohawk, N. Y. She had real property valued at about $500, and personal property amounting to about $4,500. On the 23d day of April, 1901, she went to the house of one B. to board for a few weeks. On the day that she arrived there she said to B. that she wanted to make her will. The next day she procured paper and commenced writing her own will. On the following morning, April 25, 1901, she completed the preparation of the will. It was on two pieces of paper, and, with the assistance of B., she pasted the two pieces of paper together. She did not tell B. anything about the contents of the will, but she said that she wanted her to witness it, and she also asked B. whom she could get to sign it with B., and, on B. suggesting one M., residing across the street, the testatrix asked B. to go over and ask M. B. went to M. and told her that the testatrix wanted her to witness a paper, and said, "It is her will," and they went together to the house where the testatrix was. B. had known testatrix all her life—they were schoolgirls together—and the testatrix had known M. for several years. B. testified that on returning to the house the testatrix signed the will in the presence of both of them and declared it to be her will, and asked them to sign as witnesses, and that both signed it as witnesses in the presence of the testatrix and in the presence of each other. This testimony is clear and positive. On the cross-examination, however, B. said that she might be mistaken in her testimony, but that it was in accordance with her best recollection as to what occurred. M. testified as to B.'s asking her to go over to the house and sign a paper for the testatrix, and that B. told her that it was the testatrix' will. She says that, when she went to the house where the testatrix was, testatrix said, "I wanted you to sign this paper for me;" that her best recollection is that testatrix' name was then on the paper and she says that the testatrix held her fingers over the written part of the will, and that she jokingly said to testatrix something about signing a paper when she didn't know what it was, and that the testatrix said, "You know very well what it is, for B. has told you;" that the testatrix did not sign the paper in her presence or acknowledge the signature or declare the paper to be her will, but that she signed the will at the request of the testatrix. On her cross-examination she says that her memory is very poor, and

that all she means by her testimony is that she has no recollection of seeing testatrix sign the will or that the testatrix in her presence declared it to be her will. Upon this testimony the will was admitted to probate, and from the decree admitting it to probate this appeal is taken. The will, which is wholly written by the testatrix, gives several specific articles and small money legacies to persons named therein, including $500 each to two grand-nephews; $1,000 to the aged Baptist Ministers' Home of Fenton, Mich.; $2,000 to the Old Ladies' Home at Mohawk, and it makes said Old Ladies' Home at Mohawk the residuary legatee. The will did not have an attestation clause.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and KELLOGG, JJ.

E. E. Sheldon, for appellant Mary Vedder.
S. H. Newberry, for appellant De Witt A. Devoe.
Keck & Rogers, for respondent proponent.
J. B. Rafter, for respondent Old Ladies' Home at Mohawk.
B. D. Smith, for respondent Carl Lyon Devoe.

CHASE, J. No evidence was offered that in any way attacks the competency of the testatrix to make a testamentary disposition of her property. It is quite evident from the record that she intentionally planned to prepare and execute her will at the house of a friend who was wholly disinterested in the transaction. The will was prepared not only without any one knowing its contents, but without its contents being in any way the subject of conversation. The paper thus prepared by the testatrix commences:

"I, Eliza D. Eldred, of Dolgeville in the county of Herkimer, state of New York, do declare this to be my last will and testament."

Following this statement, its provisions are testamentary and sufficiently clear for the purpose of disposing of all of her property. There is no suggestion in the record of any undue influence having been exerted on behalf of the legatees named in the will. There are no suspicious circumstances surrounding its preparation and execution, and no fraud was practised on the testatrix, or by her in the transaction. While the fact that the will was prepared by the testatrix does not dispense with substantial compliance with the statutory requirements relating to its execution, yet the fact that the will is holograph shows that the testatrix understood its contents, and that it expresses her wishes, and the necessity for exercising great care in considering testimony relating to the execution of a will does not exist in this case to the same extent as in many others. Matter of Beckett, 103 N. Y. 167, 8 N. E. 506; Matter of Turell, 166 N. Y. 330, 59 N. E. 910; Matter of Aker, 74 App. Div. 464, 77 N. Y. Supp. 643.

The testimony of B. shows a due and exact compliance by the testatrix with every statutory requirement. That she was less positive on her cross-examination than she was on her direct examination only goes to the weight of her testimony. The testimony of M. must be considered in connection with her own statement that her memory is very poor.

There is no dispute about the paper having been signed at the end thereof by the testatrix, and it is in fact a statement of her wishes in

regard to the disposition of her property. It is the duty of the court to carry into effect her wishes and intentions unless the paper was not executed in compliance with statutory requirements. Whether the will was executed in accordance with the statutory requirements is a question of fact. Matter of Turell, supra; Matter of Cottrell, 95 N. Y. 329; Matter of Elmer, 88 Hun, 290, 34 N. Y. Supp. 406; Matter of Cornell, 89 App. Div. 412, 85 N. Y. Supp. 920; Matter of Hardenburg, 85 Hun, 580, 33 N. Y. Supp. 150; Matter of De Haas, 19 App. Div. 266, 46 N. Y. Supp. 189. It is not the purpose of the statute to prohibit the probate of a will simply because one of two or more witnesses thereto willfully or otherwise testify against the facts necessary to constitute a due execution thereof. Code Civ. Proc. § 2620.

The surrogate, who must be satisfied of the genuineness of the will and the validity of its execution before admitting it to probate, has found that the testatrix signed the will in the presence of the subscribing witnesses, and that she declared to them that it was her will. He resides in the county where the parties and witnesses in this proceeding reside, and before whom the witnesses appeared and gave their testimony. We see no reason for this court reversing such findings or the decree admitting the will to probate.

The decree of the surrogate should be affirmed, with costs. All concur.