In the Matter of the Probate of the Codicil to the Will of
LILLIAN F. NICHOLSON, Deceased.

Surrogate's Court, Schenectady County, August 7, 1948.

*Richard P. White, Jr.,* for Cecelia L. Allen.

*John W. Manning* for Florence Keller.

CAMPBELL, S.   A paper writing offered for probate in this court as and for a codicil to the last will and testament of the above-named decedent, presents questions of fact which, in the opinion of this court, ought to be passed upon by a jury.

The alleged codicil, like the original will which was admitted to probate on April 7, 1948, is holographic, and reads as follows:

" Codicil to Last Will and Testament

of

LILLIAN F. NICHOLSON

Made January 3rd, 1948.                    Schenectady — 4 — N. Y.
I give and bequeath to Florence Keller (my husbands sister) the sum of five thousand (5000) dollars.  If she is alive at time of probate of my will, if not it reverts to estate.  Also fur coat and other coats.

LILLIAN F. NICHOLSON

Blanche K. Pitts
Genevieve Izykowski."

No objections were filed to the admission to probate of the original will.  The alleged codicil, if admitted to probate, would reduce the legacy of the residuary legatee in the will by the amount of the bequest specified in the paper writing last offered as a codicil.

The residuary legatee in the will objects to the admission of the codicil to probate and moves before this court to deny probate of that paper writing.

The two subscribing witnesses to the paper writing offered as a codicil were sworn in this court. Both testified to the circumstances in connection with their signing as witnesses and swore that the testatrix had folded the paper in such a manner as to conceal, or partially conceal, the contents of the document. One of the witnesses swore that the signature of the testatrix was affixed to the document when she, the witness, signed as such; the other witness testified in substance she did not see the signature of testatrix at the time she signed as a witness.

This conflict in the testimony of the only two subscribing witnesses presents a question of fact as to the due execution of the paper writing offered as a codicil and in order that a complete, fair and thorough investigation of the issues, in the light of justice, may be had, the court is of the opinion that the matter ought to be submitted to a jury.

This court cannot, in good conscience, deny probate of this alleged codicil at this time on the meagre testimony adduced upon the examination of the subscribing witnesses.

In *Matter of Eldred* (109 App. Div. 777, 780) Justice CHASE, writing the unanimous decision of the court, said: " Whether the will was executed in accordance with the statutory requirements is a question of fact. (*Matter of Turell, supra* [166 N. Y. 330] ; *Matter of Cottrell,* 95 N. Y. 329; *Matter of Elmer,* 88 Hun, 290; *Matter of Cornell,* 89 App. Div. 412; *Matter of Hardenburg,* 85 Hun, 580; *Matter of de Haas,* 19 App. Div. 266.) It is not the purpose of the statute to prohibit the probate of a will simply because one of two or more witnesses thereto willfully or otherwise testifies against the facts necessary to constitute a due execution thereof."

In *Matter of Laudy* (148 N. Y. 403) the court ordered a trial by jury of the question of fact involved.

In *Matter of Lippman* (154 Misc. 915, 917) Surrogate DELEHANTY states: " In the trial the court held that the circumstances developed by the examination and cross-examination of the subscribing witnesses and by the other proof in the case warranted the submission to the jury of the question of due execution. The authorities support that ruling." (See cases cited.)

This court directs that written objections in proper form be filed by the contestant in compliance with this decision, after which the court will issue an order transmitting the questions of fact raised by the objections to the Supreme Court in the

County of Schenectady for trial of said issues of fact by jury pursuant to section 68 of the Surrogate's Court Act.

The motion to refuse probate of the alleged codicil is denied at this time for the reasons above stated.

Enter order accordingly.