■ In the Matter of JOSEPH JACINTO, Deceased. JANINE J. SHARKEY et al., Appellants-Respondents; RIVKA JACINTO et al., Respondents-Appellants.—In a proceeding for the probate of the purported will of Joseph Jacinto, deceased, dated September 27, 1988, the objectants appeal from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), entered February 5, 1990, as denied their motion for summary judgment dismissing the petition for the probate of the will, and the proponents cross-appeal from so much of the same order as denied their cross motion for summary judgment admitting the will to probate.

Ordered that the order is affirmed, without costs or disbursements, without prejudice to the parties renewing their motions upon the completion of discovery.

Before his death, the testator executed a new will, dated September 27, 1988, wherein he left his entire estate to his second wife and effectively disinherited his children from both of his marriages. At an examination pursuant to SCPA 1404, one of the subscribing witnesses to this document recalled that the decedent had satisfied all the pertinent requirements of the statute of wills, EPTL 3-2.1 (a) (2), (3) and (4). The second subscribing witness, however, claimed that the testator did not indicate that the writing was his will, thus raising a material issue of fact as to whether the will was properly executed.

The objectants, in their motion for summary judgment, argued that summary judgment was appropriate because, unlike in a construction proceeding where the intent of the testator generally controls, the statutory formalities of the due execution of a will cannot be varied. The proponents contended in their cross motion that the testimony of one subscribing witness that the will was properly executed, in combination with other evidence *(see,* SCPA 1404 [3]), was sufficient to prove the will *(see, Matter of Collins,* 60 NY2d 466; *Matter of Cottrell,* 95 NY 329). The court declined to grant either the motion or the cross motion, finding that material issues of fact had been raised which necessitated a trial.

We agree that summary judgment is inappropriate at this time *(see, Matter of Pascal,* 309 NY 108). There are facts surrounding the will's execution which must be explored *(see, Matter of Alden,* 52 AD2d 1051; *Matter of Rounds,* 47 Misc 2d 877). The subscribing witnesses' credibility is also in issue *(see, Orser v Orser,* 24 NY 51, 52; *Matter of Eldred,* 109 App Div 777; *see also, Matter of Sunderland,* NYLJ, May 31, 1989, at 27, col 1; Turano, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 1405, 1991 Pocket Part, at 70).

After conducting SCPA 1404 examinations of the subscribing witnesses and a deposition of the will's attorney-draftsman, the objectants moved for summary judgment, thus staying further discovery in the case. We find it only fair that the proponents be granted an equal opportunity for discovery *(see, Matter of King,* 16 AD2d 614). At the conclusion of further discovery, the parties may renew their motions. Thompson, J. P., Brown, Miller and O'Brien, JJ., concur.